UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20602-CIV-JORDAN

| | |
|---|---|
| ROSE BUD PINDER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ANDREA MOSCETTI, et al., | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

**ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS AND CLOSING CASE**

Ms. Pinder filed this wrongful death action under the Death on the High Seas Act, 46 U.S.C. § 30302 ("DOHSA"),[1] alleging that Mr. Moscetti's negligence caused the boat accident that ultimately killed her husband. Ms. Pinder also sued Nautae, the Florida corporation that owned Mr. Moscetti's boat. The accident occurred in the territorial waters of the Bahamas, and the defendants moved to dismiss for *forum non conveniens*. For the reasons stated below, the defendants' motion to dismiss [D.E. 3] is GRANTED.

**I. FACTUAL ALLEGATIONS**

The material facts underlying this dispute are largely undisputed. On August 8, 2007, Mr. Moscetti was navigating his boat - the M/V Malvi - in the territorial waters of the Bahamas when the boat struck Mr. Pinder's 18-foot skiff. Mr. Pinder was severely injured and ultimately died. *See* Am. Compl at ¶ ¶ 7- 8.

The parties' connections with the two competing fora is also undisputed. Ms. Pinder is a resident of the Bahamas. Mr. Pinder was also a Bahamian resident, and the skiff involved in the accident was part of a Bahamian ship's skiff fleet. On the other hand, Mr. Moscetti is a resident of Florida, and the M/V Malvi is registered in Florida. Nautae - the registered owner of the M/V Malvi

_____

[1] Ms. Pinder's initial complaint failed to identify the legal basis for her claims, but her amended complaint purports to assert a claim under DOHSA - the exclusive remedy for wrongful death on the high seas.

- is a Florida corporation.  *See* Am. Compl. at ¶ 1-6.

The only real disputes here are whether Mr. Moscetti's negligence or wrongful conduct caused the accident that killed Mr. Pinder, and if so, what damages Ms. Pinder should recover.

## II. ANALYSIS

The defendants argue that this action should be dismissed in favor of ligation in the Bahamas because the accident occurred in Bahamian waters, the majority of witnesses reside in the Bahamas, Bahamian authorities investigated the accident, and Bahamian law will determine the defendants' ultimate liability.  I agree.

District courts have the discretion to dismiss an action under the doctrine of *forum non conveniens* where the convenience of the parties and the interests of justice weigh in favor of trying the action in an alternative forum.  *See generally Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247-255 (1981); *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 2008 WL 2446320, * 12 (11th Cir. June 19, 2008); *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). In deciding a motion to dismiss for *forum non conveniens*, courts are not limited to the pleadings and may consider the parties' submissions of proof in support or opposition to the motion.  *See Piper Aircraft*, 454 U.S. at 258-59.  *See also J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F.Supp.2d 1258, 1266 (M.D.Fla. 2007).

The first step "in determining whether an action should be dismissed for *forum non conveniens* is to determine whether United States law should be applied to the case." *See Membreno v. Costa Crociere S.P.A.*, 425 F.3d 932, 936 (11th Cir. 2005) (internal citations omitted).  The choice of law analysis is dispositive when the case involves a United States statute requiring venue in the United States.  *See C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1310 n.10 (11th Cir. 1983).  *See also  Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1148 (9th Cir. 2001).  As the Eleventh Circuit explained in *La Seguridad*,"if federal law applies to a case in which *forum non conveniens* dismissal has been sought, the court must inquire further to determine if Congress has entrusted the federal courts with a special duty to implement that federal law . . . The court must ascertain if there is anything about the specific federal statute which indicates that Congress implicitly spoke to, and rejected, the application of *forum non conveniens* doctrine to a suit thereunder."  *See C.A. La Seguridad*, 707 F.2d at 1310 n.10.  Where Congress has not mandated venue in the United States,

"the choice of law determination is given much less deference on a *forum non convenience* inquiry."
*See Lueck*, 236 F.3d at 1148.

If the choice of law analysis is not dispositive of the *forum non conveniens* argument, then the court must consider whether (1) there is an adequate alternative forum, (2) the private and public factors weigh in favor of the alternative forum, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *See Membreno*, 425 F.3d at 937-38; *Leon*, 251 F.3d at 1311.

## A. CHOICE OF LAW

Ms. Pinder is suing under DOHSA, which creates a cause of action for "the death of a person . . . caused by wrongful act, neglect, or default occurring on the high seas." *See* 46 U.S.C § 30302. *See also Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 121-22 (1998). The action must be filed "for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative," and recovery is limited to "a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is sought." *Id.* at § 30303.[2]

DOHSA is the exclusive remedy for the wrongful death of a person who is not a Jones Act seaman in the "high seas." The term "high seas" includes the territorial waters of foreign countries like the Bahamas. *See Sanchez v. Loffland Brothers Co.*, 626 F.2d 1228, 1230 n.4 (5th Cir. 1980). *See also Howard v. Crystal Cruises, Inc.*, 41 F.3d 527, 529 (9th Cir. 1994). Like most maritime statutes, DOHSA is "written in language so broad as to apply to any seamen on any vessel of any nation at any location on the globe." *See DeMateos v. Texaco, Inc.*, 562 F.2d 895, 900 (3d Cir. 1977). But as the Third Circuit explained in *DeMateos*, DOHSA has not been construed literally. Its applicability depends on an analysis of the following eight factors listed by the Supreme Court in *Lauritzen v. Larsen*, 347 U.S. 571, 579 (1953):[3]

---

[2] DOHSA also provides that "when an action exists under the law of a foreign country for death by wrongful act, neglect, or default on the high seas, a civil action in admiralty may be brought in a court of the United States based on a foreign cause of action, without abatement of the amount for which recovery is authorized." *See* § 30306. But Ms. Pinder has not alleged or pled any cause of action under foreign law, so I do not need to address the applicability of § 30306 in this case.

[3] *Lauritzen* was a Jones Act case, but its reasoning has been applied to DOHSA cases as well. *See In Re Air Crash Over Taiwan Straits on May 25, 2002,* 331 F.Supp.2d 1176, 1210 n.121

1. The place of the wrongful act,

2. The flag under which the ship sails,

3. The allegiance or domicile of the injured party,

4. The allegiance of the defendant shipowner,

5. The place of the contract between the injured party and the shipowner,

6. The accessibility of a foreign forum,

7. The law of the forum.

8. The shipowner's base of operations.

*See DeMateos*, 562 F.2d at 900; *Ioannides v. Marika Maritime Corp.*, 928 F. Supp. 374, 379-80 (S.D.N.Y. 1996). *See also Membreno*, 425 F.3d at 936.

Not all of these factors apply here. But the fact that the vessel allegedly responsible for the accident is registered in Florida, that the owners of this vessel reside in Florida, and that DOHSA applies to accidents in the territorial waters of foreign countries suggest that Ms. Pinder can state a claim under DOHSA.[4]

DOHSA does not require venue in the United States. *See In Re Air Crash Over Taiwan Straits on May 25, 2002,* 331 F.Supp.2d 1176, 1208 (C.D.Cal. 2004) (*forum non conveniens* doctrine applies to DOHSA claim because DOHSA "does not contain a mandatory venue provision; instead it merely provides that a plaintiff may maintain a suit for damages in the district courts"). As such, in this case, the choice of law analysis is not dispositive.

Further, irrespective of whether DOHSA applies or not, Bahamian law is likely to govern the ultimate adjudication of liability in this case. The reason for this is that liability under DOHSA is determined pursuant to the tort laws of the forum with the most significant contacts with the event or occurrence in question. *See In re Air Crash Disaster Near Palembang, Indonesia*, 2000 WL 33593202, * 4 (W.D.Wash. Jan. 14, 2000). *See also Loya v. Starwood Hotels & Resorts,* 2007 WL 1991163, *10 (W.D.Wash. July 6, 2007); *In re Air Crash Over The Taiwan Straits On May 25,*

---

(C.D.Cal. 2004).

[4] Indeed, the defendants have tacitly conceded that Ms. Pinder has a viable cause of action under DOHSA. *See* Mot to Dismiss at 15-16.

2002, 331 F.Supp.2d at 1208-09.[5]  In other words, after a determination that DOHSA applies, a second choice of law analysis is necessary to determine the applicable tort law.  *See id.*  Here, the accident occurred in Bahamian waters, killed a Bahamian national, and caused damages to Ms. Pinder - also a Bahamian national.  On these facts, Bahamian law is likely to govern the determination of whether the defendants were in fact culpable or negligent, and thus liable under DOHSA.

In any event, the choice of law analysis is not dispositive here, so I turn now to the convenience factors.

## B. THE CONVENIENCE OF THE PARTIES

### 1. AVAILABLE AND ADEQUATE ALTERNATIVE FORUM

The Bahamas is both an available and adequate alternative forum.  Availability and adequacy are two separate requirements. *See Leon*, 251 F.3d at 1311-1312.  An alternative forum is available "when the foreign court can assert jurisdiction over the litigation sought to be transferred."  *Id.* (*citing Piper Aircraft*, 454 U.S. at 254 n.22).  On the other hand, an adequate forum is one "capable of providing some relief for a plaintiff's claims.  *See Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed.Appx. 860, 865 (11th Cir. 2007).  This relief need not be perfect as long as the forum offers some relief.  *See Leon*, 251 F.3d at 1311. Courts are generally "reluctant to hold an alternative forum inadequate." *See id.*

Here, the defendants have agreed to consent to personal jurisdiction in the Bahamas and not to challenge the jurisdiction of Bahamian courts over Ms. Pinder's claims [D.E. 3].  And Nautae has filed a limitations action in the Bahamas seeking to limit its damages as a result of this accident [D.E. 3-2], which strongly suggests that Ms. Pinder does have a remedy available under Bahamian

---

[5]Courts are in disagreement as to whether admiralty law principles or federal common law governs the choice of law analysis under DOHSA. *In re Air Crash over the Taiwan Straits on May 25,* 2002, 331 F.Supp.2d at 1208-09.  This dispute has no effect on this case as Bahamian law will be the applicable substantive law under both analyses.

law.[6]

     Ms. Pinder does not argue that the Bahamas is unavailable or inadequate. Instead, she argues that the defendants are forum shopping. She notes that the defendants filed the limitations action in the Bahamas on the same date they filed their motion to dismiss. Ms. Pinder is probably correct that the defendants' interest to litigate away from their home forum is possibly motivated by a perception that the Bahamas is a more favorable forum for their cause. But the defendants' intent to "forum shop" has no bearing on whether an alternative forum is available and adequate. *See Piper Aircraft*, 454 U.S. at 248 (dismissal for *forum non conveniens* "may not be barred solely because of the possibility of an unfavorable change in law"). The question is not whether the remedies available in the Bahamas are more limited - or more favorable to the defendants - than the remedies available here, but rather whether there is any remedy available for Ms. Pinder's claims. Because the record undisputably establishes that there is an available remedy in the Bahamas for Ms. Pinder's claims, I conclude that the Bahamas is an available and adequate forum for this action.

## 2. PRIVATE INTERESTS

     The private interest analysis generally focuses on the ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *See Leon Million,* 251 F.3d at 1315.

     There is a strong presumption that the plaintiff has chosen a sufficiently convenient forum,

---

[6.]*Forum non conveniens* motions are usually accompanied with affidavits establishing the availability and adequacy of the alternate forum and the inconvenience of litigation in the forum chosen by the plaintiff. *See Zelaya v. De Zelaya*, 250 Fed.Appx. 943, 947 (11th Cir. 2007) (reversing dismissal for *forum non conveniens* for lack of evidentiary support.) Although the defendants should have filed an affidavit of an expert on Bahamian law, I conclude that evidence of the pending action in the Bahamas is sufficient to show that Ms. Pinder has an available remedy under Bahamian law, particularly given that Ms. Pinder has not argued to the contrary. *See Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1263 (S.D.Fla. 2001)("Bahamian law is derived from English common law and recognizes theories of negligence. The Commonwealth of the Bahamas has enacted the 'Fatal Accidents Act' and the 'Survival of Action Act,' which together permit recovery of damages similar to those available under Florida's Wrongful Death Act."); *Ward v. Kerzner Intern. Hotels Ltd.*, 2005 WL 2456191, * 2 (S.D.Fla. March 30, 2005)( Bahamas adequate and available forum for personal injury action).

but this presumption "'weakens' when the plaintiff is a foreigner litigating far from home." *See id.* I understand that Ms. Pinder is suing in the defendants' home forum. But I agree with the Second Circuit's conclusion that a plaintiff's "choice to initiate suit in the defendant's home forum- as opposed to any other where the defendant is also amenable to suit- only merits heightened deference to the extent that the plaintiff and the case possess *bona fide* connections to, and convenience factors favor, that forum*." See also Pollux Holding Ltd. v. The Chase Manhattan Bank*, 329 F.3d 64, 74 (2nd Cir. 2003). This action has no connection with this forum, other than the fact that the defendants reside in this district. The accident was in the Bahamas, the decedent died in the Bahamas, and any damages suffered by Ms. Pinder lie in the Bahamas where she resides. As such, Ms. Pinder's choice of forum is entitled to a diminished deference.

After according Ms. Pinder's choice of forum its due deference, I conclude that the parties' private interests weigh in favor of litigation in the Bahamas. "Perhaps the most important 'private interest' of the litigants is access to evidence." *See Ford v. Brown*, 319 F.2d 1302, 1308 (11th Cir. 2003). To determine the accessability of evidence, the court must analyze the elements of the plaintiff's cause of action. "The court then must consider the necessary evidence required to prove and disprove each element. Lastly, the court should make a reasoned assessment as to the likely location of such proof." *Id.* An analysis of Ms. Pinder's sole claim reveals that most of the relevant evidence is in the Bahamas.

To prevail in her DOHSA claim, Ms. Pinder must establish that the fatal accident was caused by Mr. Moscetti's negligence or wrongful conduct. To satisfy this burden, Ms. Pinder alleges that Mr. Moscetti was driving his boat "at a high rate of speed and/or with callous and reckless disregard of the rights of others." *See* Am. Compl. at ¶ 7. The adjudication of this claim would necessarily require an analysis of the maritime conditions surrounding the accident, e.g., weather, wind and water conditions, and sea and current levels. Most of the evidence on these factors is in the Bahamas. This includes at least approximately nine presumptive witnesses identified by the defendants, the Bahamian officers who investigated the accident, and all the official records regarding the maritime conditions at the time of the accident. Similarly, the parties are likely to seek discovery of Mr. Pinder' s maritime record and conduct prior and during the accident because under DOHSA, the court has to consider the "degree of negligence of the decedent and reduce the recovery

accordingly." *See* § 30302. All this evidence is also in the Bahamas.

I understand that Mr. Moscetti's boat is in this district, and that Mr. Moscetti and his wife are residents of this district. But while a *forum non conveniens* dismissal can be conditioned on Mr. Moscetti and his wife's cooperation in any action filed in the Bahamas, compelling the Bahamian witnesses to testify here would not be possible as these witnesses are beyond the court's jurisdiction. Even persuading them to come here would likely require a herculean effort that would significantly increase the cost of litigating this action.

### 3. PUBLIC INTEREST FACTORS

Public interest factors also favor litigation in the Bahamas. Public interest factors "include the sovereigns' interests in deciding the dispute, the administrative burdens posed by trial, and the need to apply foreign law." *See Membreno*, 425 F.3d at 937-38.

The Bahamas undisputably has a stronger interest in the adjudication of this action than Florida. The accident occurred in Bahamian waters and allegedly caused the death of a Bahamian national. Further, the accident was allegedly caused by a foreign national visiting the Bahamas - which has an interest in balancing its reputation as a tourist destination and promoting the safety of its residents through its laws. Indeed, principles of comity strongly weigh in favor of allowing the Bahamian government to decide the extent of damages payable when boats driven by foreign nationals crash in Bahamian waters causing damages to Bahamian residents. *Cf. Leon*, 251 F.3d at 1315 ("Ecuador has an interest in determining the extent of damages payable when planes crash in Ecuador on Ecuadorian citizens").

Finally, the likelihood that the applicable tort law is going to be Bahamian law also militates against litigation in Florida. *See Membreno*, 425 F.3d at 937-38.

### 4. UNDUE INCONVENIENCE AND PREJUDICE TO MS. PINDER

Before dismissing a case for *forum non conveniens*, a court must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." *See Tyco Fire,* 218 Fed.Appx. at 866. Accordingly, dismissal of this action is conditioned on the following requirements:

1. The defendants must submit to service of process and jurisdiction in the Bahamas for all relevant purposes;

2. The defendants must waive any statute of limitations defense to any action that is filed by Ms. Pinder in the Bahamas within one year from the date of this order.

3. The defendants must provide Ms. Pinder with access to all evidence and witnesses in their custody or control, whether located in the United States or elsewhere, that are relevant to any action arising from the accident in question filed in the Bahamas by Ms. Pinder.[7] *See Piper Aircraft*, 454 U.S. at 258 n.25 (noting that "district courts might dismiss subject to the condition that . . .[defendants] agree to provide the records relevant to the plaintiff's claims").

## IV. CONCLUSION

Accordingly, the defendants' motion to dismiss Ms. Pinder's complaint is hereby GRANTED WITHOUT PREJUDICE. If the defendants fail to comply with any of the conditions of this order or if the courts of the Bahamas refuse or decline to accept jurisdiction, this action may be reinstated in this court effective as of the date on which it was filed.

This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 10th day of July, 2008.

_____
Adalberto Jordan
United States District Judge

Copy to:      All counsel of record

---

[7] This requirement is intended to ensure that Ms. Pinder's access to evidence located in Florida is not limited by the change of forum. But it does not extend the discovery allowed under the Federal Rules of Civil Procedure to litigation in the Bahamas. Discovery in any action filed by Ms. Pinder in the Bahamas shall be governed by the applicable discovery rules of the Bahamas court. *See In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India*, 809 F.2d 195, 206 (2d Cir. 1987).